UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORA SCHAEFFER,

    Plaintiff,

v.                                  Case No. 8:08-cv-1130-T-23MAP

BOB WILSON DODGE, INC., et al.

    Defendants.
_____/

**O R D E R**

    The plaintiff sues (Doc. 1) Bob Wilson Dodge, Inc. ("BWD") and Keith Johnson ("Johnson") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA"). Pursuant to Rule12(b)(6), Federal Rules of Civil Procedure, Johnson moves (Doc. 16) to dismiss the complaint or, in the alternative, for a stay. Because the sole basis alleged for Johnson's individual liability is that Johnson was the plaintiff's supervisor, Johnson argues that the claim against him should be dismissed. Alternatively, Johnson argues that his defense will be prejudiced by the automatic stay in bankruptcy applicable to defendant BWD. The plaintiff responds (Doc. 17) in opposition.

    Pursuant to the notice pleading standard of the Federal Rules of Civil Procedure, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Paragraph seven of the plaintiff's complaint alleges that Johnson was the plaintiff's supervisor. Pursuant to the FLSA, "employer"

includes a person "acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  Thus, an employee who supervises another employee may be an employer for purposes of the act.  See Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986); Riordan v. Kempiners, 831 F.2d 690, 694 (7th Cir. 1987). Accordingly, Johnson's motion to dismiss is **DENIED**.

Alternatively, Johnson moves to stay this action and asserts that the unavailability of "records of employment, compensation, and human resource materials" will prejudice his defense.  (Doc. 16 at 2)  Extension of a bankruptcy stay pursuant to 11 U.S.C. § 362 to a non-bankrupt co-defendant is justified only in unusual circumstances. Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 314 (6th Cir. 2000).  Johnson fails to show any unusual circumstance to justify extending the stay pursuant to 11 U.S.C. § 362 to apply to Johnson, who has not filed for bankruptcy.  See Dewitt v. Daley, 336 B.R. 552, 557 (S.D. Fla. 2006) (refusing to extend a bankruptcy stay to cover an FLSA suit against the manager of a bankrupt employer). Accordingly, Johnson's motion (Doc. 16) to dismiss or for a stay is **DENIED**.

ORDERED in Tampa, Florida, on September 17, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc: U.S. Magistrate Judge
    Courtroom Deputy